Filed 8/4/26  L.L. v. J.L. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| L.L., | |
| Plaintiff and Appellant, | G065836 |
| v. | (Super. Ct. No. 22P000531) |
| J.L., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Yolanda V. Torres, Judge. Affirmed.

L.L., in pro. per., for Plaintiff and Appellant.

No appearance by Defendant and Respondent.

Following extensive litigation in this parentage action, the trial court found L.L. to be a vexatious litigant and entered a prefiling order under Code of Civil Procedure section 391.7.[1] On appeal, L.L. argues the prefiling order must be vacated because of judicial bias and due process and statutory violations. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

L.L. filed this parentage action in June 2022 regarding her four children with J.L. The parties engaged in extensive litigation, including many motions filed by L.L. In March 2025, the trial court entered judgment, which is the subject of a separate appeal. (*L.L. v. J.L.* (July 6, 2026, G065487) [nonpub. opn.].)

On April 3, 2025, the trial court (Judge Yolanda V. Torres) filed a notice of motion and motion to determine whether L.L. should be deemed a vexatious litigant under section 391 and scheduled a hearing on the motion for May 30, 2025. The notice also stated the court would consider whether L.L. should be subject to a prefiling order under section 391.7 or should be required to furnish security under section 391.3. Among other things, the motion listed numerous ex parte requests and motions that had been filed by L.L. and their results.

At the hearing on May 30, 2025, both L.L. and J.L. appeared, and L.L. stated she was not ready to proceed.[2] The court found L.L. had been served, but it nevertheless continued the hearing to June 6.

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

[2] J.L.'s former counsel also was present at the May 30 hearing and briefly discussed other cases involving L.L.

On June 4, 2025, L.L. filed a motion and statement of disqualification of Judge Torres. On June 5, 2025, L.L. filed a motion to dismiss what she referred to as the vexatious litigant proceeding.

On June 6, 2025, the trial court held a hearing at which L.L. appeared in person and J.L. appeared remotely.[3] The court began by stating it had filed an order striking L.L.'s statement of disqualification and, in the alternative, a verified answer. The court then proceeded to address the vexatious litigant issue, indicating its tentative ruling was to enter a prefiling order. The court heard argument from L.L. and J.L., and it took judicial notice of many motions and ex parte requests filed by L.L. in this action. The court found L.L. to be a vexatious litigant. It also entered a prefiling order, which stated that "unless represented by an attorney, [L.L. is] prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed."

DISCUSSION

"The vexatious litigant statutes [citations] are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 (*Shalant*).) "'Vexatious litigant' is defined in section 391, subdivision (b) as a person who has, while acting in

---

[3] J.L.'s former counsel also was present at the June 6 hearing and noted she was there to provide additional information to the trial court if the court wished to hear from her. In response to L.L.'s objection that J.L.'s former counsel had already substituted out of the case, the court stated it was not inclined to hear from J.L.'s former counsel, and J.L.'s former counsel did not further address the court.

propria persona, initiated or prosecuted numerous meritless litigations, relitigated or attempted to relitigate matters previously determined against him or her, repeatedly pursued unmeritorious or frivolous tactics in litigation, or who has previously been declared a vexatious litigant in a related action." (*Id.* at pp. 1169–1170; see § 391, subd. (b) [listing five categories for the definition of a vexatious litigant].) "'In 1990, the Legislature enacted section 391.7 to provide the courts with an additional means to counter misuse of the system by vexatious litigants. Section 391.7 "operates beyond the pending case" and authorizes a court to enter a "prefiling order" that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge.'" (*Shalant*, at p. 1170.)

"""A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." [Citation.] Questions of statutory interpretation, however, we review de novo.'" (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1346.) "Under well-established rules of appellate procedure, [L.L.], as the appellant, has the burden to provide an adequate record on appeal and to affirmatively show error." (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 622.)

On appeal, L.L. argues the order is void because it was entered without a predicate finding under section 391, subdivision (b). To the extent L.L. is arguing the court never made a finding she was a vexatious litigant within the meaning of section 391, subdivision (b), the record shows to the contrary. At the hearing, the court discussed section 391, subdivision (b), and

4

stated it "is going to make a finding that you are a vexatious litigant." The court's written order states it "finds and deems the Petitioner a Vexatious Litigant." (Boldface omitted.)

Although the trial court's order did not explicitly state the specific numbered subdivision under which L.L. was determined to be a vexatious litigant, we presume the court found subdivision (b)(3) of section 391 to be applicable given the circumstances. Under section 391, subdivision (b)(3), a vexatious litigant includes a person who, "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (*Ibid.*) As discussed, the court took judicial notice of numerous ex parte requests and motions that were filed by L.L. The court also noted at the hearing that "[m]any of these requests are duplicative and are making the same request and allegation without sufficient evidence that you filed or a basis for authority." On appeal, L.L. has not provided a developed argument, with citations to the record and applicable case authority, that the court abused its discretion in finding L.L. met the requirements of this subdivision. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

To the extent L.L. is suggesting the court was required to conduct a hearing to determine whether she is a vexatious litigant *before* conducting a separate hearing on whether to enter a prefiling order, we disagree. L.L. cites

5

no legal authority, statutory or otherwise, that requires a court to conduct two separate hearings on these issues.[4]

L.L. also argues the trial court violated due process and demonstrated it had prejudged the issue because it initiated the vexatious litigant proceeding on its own motion. We disagree. L.L.'s argument ignores the language of section 391.7, which explicitly authorizes a court to act on its own motion: "the court may, *on its own motion* or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (§ 391.7, subd. (a), italics added.) Moreover, L.L. cites no case holding it is unconstitutional for a court to act on its own motion under section 391.7. Courts often act on their own motion under section 391.7. (See, e.g., *In re Marriage of Kouvabina & Veltman* (2025) 115 Cal.App.5th 293, 296 ["On our own motion, we conclude she is a vexatious litigant and impose a prefiling order prohibiting her from filing new litigation while self-represented in the courts of this state without first obtaining permission from the presiding judge or justice where the litigation is proposed to be filed"].) We also reject L.L.'s assertion the court improperly

---

[4] L.L. contends *Shalant, supra*, 51 Cal.4th at p. 1172, stands for the proposition that section 391.7 "operates prospectively and requires a prior" section 391, subdivision (b) finding. *Shalant*, however, does not hold that a court must hold a hearing to determine if a litigant is vexatious before conducting a separate hearing on whether to enter a prefiling order. In that case, a plaintiff who had been declared a vexatious litigant and was subject to a prefiling order filed a new lawsuit through counsel; after the plaintiff's counsel withdrew while the action was pending, the trial court dismissed the complaint under section 391.7. (*Shalant*, at p. 1168.) Our Supreme Court concluded "[s]ection 391.7's dismissal provision did not apply here because [the plaintiff] was not in propria persona when he *filed* the litigation." (*Ibid.*)

shifted the burden of proof to her and violated due process by purportedly acting as both prosecutor and decision-maker.[5]

L.L. contends the trial court erred by striking her June 2025 disqualification motion and not transferring the matter to another judge. But L.L.'s disqualification motion and the court's order striking it are not at issue on this appeal. "'Under our statutory scheme, a petition for writ of mandate is the *exclusive* method for obtaining review of a denial of a judicial qualification motion.'" (*Freeman, supra*, 47 Cal.4th at p. 1000.) In any event, we note that, pursuant to section 170.4, subdivision (b), there are circumstances in which the trial judge may order the statement of disqualification stricken, which is what Judge Torres did here. (See § 170.4, subd. (b) ["Notwithstanding paragraph (5) of subdivision (c) of [s]ection 170.3, if a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken"].)

L.L. argues the trial court purportedly "undermine[d] the legislative separation" (boldface and capitalization omitted) between the disqualification and vexatious litigant statutes, and "[n]othing in their text or history authorizes a judge to combine them in a single proceeding." To the extent L.L. is suggesting a court cannot strike a statement of disqualification

---

[5] L.L. cites *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, *People v. Freeman* (2010) 47 Cal.4th 993 (*Freeman*), and *Withrow v. Larkin* (1975) 421 U.S. 35, but those cases are inapposite. None of them concerns the vexatious litigant statutes. We also note L.L.'s appellate brief attributes the quote "[a] judge acts improperly when playing both prosecutor and adjudicator" to *In re Marriage of Tharp*, but that quote does not appear in that case. In any event, we find no merit in the argument that, by proceeding on its own motion as authorized by section 391.7, the court improperly acted as both prosecutor and adjudicator.

7

under section 170.4, subdivision (b) and then, on the same day, proceed to address whether a prefiling order should be entered under section 391.7, she cites no authority for such a rule and we are aware of none. We find no error or impropriety in the court advising the parties at the outset of the June 6, 2025 hearing that it had issued an order striking L.L.'s motion for disqualification and then proceeding to address the vexatious litigant issue. Notably, L.L. filed her motion to disqualify only two days before the June 6, 2025 hearing.

L.L. argues the prefiling order allowed the trial court to block appellate review of the order striking her June 2025 disqualification motion and an appeal from the prefiling order is an inadequate remedy because the prefiling order immediately blocked her access to the courts. That is not correct. "Section 391.7 does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs. [Citation.] Vexatious litigant statutes are constitutional and do not deprive a litigant of due process of law." (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 221–222.) An order striking a disqualification motion is reviewable by way of a writ petition. (§ 170.3, subd. (d); *Freeman, supra*, 47 Cal.4th at p. 1000.) If L.L. had been able to obtain leave from the presiding justice of the appellate court to file a writ petition challenging the order striking her disqualification motion—which would have required L.L. to demonstrate her writ petition appeared to have merit and was not filed for purposes of harassment or delay—L.L. would have been permitted to proceed. (§ 391.7, subd. (b).)

Finally, L.L. asserts Judge Torres demonstrated bias and "prejudgment" (boldface omitted) against her by repeatedly accusing her of frivolousness and harassment, misusing the word frivolous, making

8

inconsistent rulings, and generally according L.L. unequal treatment. As an initial matter, L.L. does not provide record citations for these assertions, and the arguments are therefore waived. (See *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620.) We also note many of these arguments were made in L.L.'s appeal from the judgment and were rejected by this court. (*L.L. v. J.L., supra*, G065487.) In any event, we conclude L.L. has not demonstrated any appearance of bias, let alone a probability Judge Torres was actually biased. (See *Freeman, supra*, 47 Cal.4th at p. 996 [noting that, "while a showing of actual bias is not required for judicial disqualification under the due process clause, neither is the mere appearance of bias sufficient," and "[i]nstead, based on an objective assessment of the circumstances in the particular case, there must exist "'the probability of actual bias on the part of the judge or decisionmaker [that] is too high to be constitutionally tolerable""'"].)

## DISPOSITION

The postjudgment order is affirmed. No appellate costs are awarded because respondent did not appear.


GOODING, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


DELANEY, J.

9